WALTER H. TREFTZ, PLAINTIFF, v. WILLIAM H. KIRBY, DEFENDANT.

Decided June 21, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *William A. Moore.*

PER CURIAM.

The plaintiff brought suit against the defendant to recover compensation for damage done to his touring car in a collision between it and an automobile truck belonging to the defendant, the accident occurring on the night of November 17th, 1927. The trial resulted in a verdict in favor of the plaintiff, the jury awarding him $500.

The first ground upon which we are asked to set aside the verdict is that the trial court erred in refusing to grant a motion for a mistrial made by the defendant. The plaintiff's attorney had called as a witness the driver of his client's car. On cross-examination the attorney asked this witness whether he had not made a statement in writing to someone with relation to the details of the accident. The witness admitted that he had. On redirect examination the attorney for the plaintiff asked the witness this question: "Whom did you make the statement to?" The answer was, "Why, to some insurance man." Defendant's attorney claimed that this testimony was prejudicial to the defendant, and based his motion for the direction of a mistrial upon the admission of this evidence. Assuming that the testimony was injurious to the defendant, it was, nevertheless, competent. The defendant having proved that a statement was made by the witness to some person, whose name was not called for on cross-examination, the plaintiff was entitled to know who that person was.

Next, it is contended as a ground for making the present rule absolute that the trial court erred in refusing to grant a motion for a nonsuit, and also a motion to direct a verdict, upon the ground that the proofs failed to show any negligence on the part of the defendant's employe causing the accident, and upon the further ground that plaintiff contributed to the accident by his own negligence. Both of these motions were properly denied. The proofs showed that the defendant's truck was parked near the curb on Main street, in the town

of Lambertville, with no one in charge of it, when the accident happened; that it had no red light on its rear as a warning to people approaching in that direction, although such light is required by the motor vehicle statute when a car is parked after nightfall; that plaintiff's car was being driven practically along the middle of the road at a speed of about twenty miles an hour; that just before reaching the truck of the defendant the driver of plaintiff's car was compelled to swing to the right to avoid a car coming in the opposite direction, and almost immediately after this it came in contact with the truck; and that he failed to observe it because of the darkness of the night (it being raining), and also because of the absence of a red light upon its rear. These facts, in our opinion, present a case quite similar in legal aspect to that of *Seibert* v. *Goldstein Co.*, 99 *N. J. L.* 200; and, as was held in that case, the question of the negligence of the defendant's driver, and the contributory negligence of the driver of the plaintiff, were matters to be left to the jury for determination.

It is next argued that the court erred in permitting the plaintiff, at the close of the testimony submitted at the trial, to file a reply denying the contributory negligence charged against him in the answer, it appearing that the failure to file such reply was the result of the negligence of plaintiff's attorney. As the question of contributory negligence was one of the matters involved in the case, the propriety of allowing this privilege rested in the discretion of the court, and in granting it the court cannot be said to have been guilty of any abuse in the exercise of that discretion.

It is next argued that the trial court erred in refusing to charge several requests submitted by the defendant. An examination of the case, however, shows that no exception was taken to the refusal to charge these requests, and we see no reason for our consideration of them.

Lastly, it is argued that the verdict is against the weight of the evidence. We do not think so, and, in our opinion, the facts that have already been stated justify the conclusion

that the driver of the defendant's truck was guilty of negligence in leaving it unprotected and without a tail light; and that it was for the jury to say whether, under the conditions existing in this case, there was any negligence on the part of the driver of the plaintiff's car.

The rule to show cause will be discharged.